[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2010
JOHN LEY
CLERK

No. 09-14187
Non-Argument Calendar

_____

D. C. Docket No. 93-06179-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANTE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Dante Brown, a federal prisoner convicted of a crack cocaine offense, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence based on Amendment 706 to the Sentencing Guidelines.[1] No reversible error has been shown; we affirm.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that later has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). But a reduction of a term of imprisonment is unauthorized under section 3582(c)(2) if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706 retroactively reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008). The highest base offense level of 38 now applies to a defendant responsible for at least 4.5 kilograms of crack cocaine; earlier, a base offense level of 38 applied to 1.5 kilograms or more of crack cocaine. See U.S.S.G. § 2D1.1(c)(1); United States v.

_____

[1]We review for an abuse of discretion a district court's decision not to grant a sentence reduction under section 3582(c)(2). United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). And we review de novo the court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

2

Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009) (explaining that "the guidelines now provide a base offense level of 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine").

At his original sentencing, Brown received a base offense level of 38 and, with an upward adjustment for his role in the offense, had a total offense level of 41. Brown's criminal history category was VI, and his guidelines range was 360 months to life imprisonment. The court sentenced Brown to 360 months. The district court denied Brown's section 3582(c)(2) motion, concluding that his base offense level of 38 remained unchanged after Amendment 706 because his offense involved over 75 kilograms of crack cocaine.

On appeal, Brown argues that the district court erred in concluding that he was responsible for 75 kilograms of crack cocaine. At his original sentencing, the court determined only that he was responsible for at least the 1.5 kilograms of crack cocaine necessary to qualify him for a base offense level of 38. The government concedes that the district court erred in its recent drug-quantity determination.

Even assuming that the district court relied on an incorrect factual finding, its ultimate conclusion -- that Amendment 706 did not lower Brown's guidelines

range -- was correct. Amendment 706 would have reduced Brown's base offense level from 38 to 36. But, with his upward adjustment for his role in the offense and his criminal history category of VI (both of which remained unchanged), Brown's guidelines range still was 360 months to life imprisonment. See U.S.S.G., Ch. 5, Pt. A, Sentencing Table; United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that, in a section 3582(c)(2) proceeding, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing"). So, because Brown received the lowest possible guidelines sentence, his substantial rights were unaffected; and the district court's error was harmless. See Fed.R.Crim.P. 52(a) ("[a]ny error . . . that does not affect substantial rights shall be disregarded"); United States v. Newsome, 998 F.2d 1571, 1579 (11th Cir. 1993) (concluding that a remand was unnecessary where defendants' base offense levels were unaffected by the court's error and they received the lowest possible terms of imprisonment).

Because Amendment 706 did not have the effect of reducing Brown's guidelines range, Brown was unentitled to a sentence reduction. We affirm the district court's denial of his section 3582(c)(2) motion.

AFFIRMED.

4